UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ROBERT A. LOEFFLER, *et al.*,

                           Plaintiffs,                95 CV 4549 (SJ) (RLM)

     - against -                              <u>MEMORANDUM
                                                           AND ORDER</u>

STATEN ISLAND
UNIVERSITY HOSPITAL,

                           Defendant.
----------------------------------------------------X

A P P E A R A N C E S:

LAW OFFICES OF ALAN J. RICH
250 West 57th Street
Suite 1619
New York, NY 10107
By:   Alan J. Rich, Esq.
       Baree N. Hassett, Esq.
Attorneys for Plaintiffs

GARFUNKEL, WILD & TRAVIS, P.C.
111 Great Neck Road
Great Neck, NY 11021
By:   Roy W. Breitenbach, Esq.
       Leonard M. Rosenberg, Esq.
Attorneys for Defendant

JOHNSON, Senior District Judge:

       Plaintiffs Robert A. Loeffler ("Robert"), Josephine Loeffler ("Josephine"), Kristy Loeffler, and Robert C. Loeffler (collectively "Plaintiffs") commenced this action against defendant Staten Island University Hospital ("Hospital" or "Defendant") in November 1995, alleging that Hospital failed to provide Robert

1

and Josephine with sign language interpretive services they needed to communicate with Hospital staff about Robert's medical treatment. After fifteen years of litigation, including several failed attempts at settlement and discovery period that lasted close to a decade, the claims at issue remain unresolved. A study of the docket in this matter reveals a long history of bickering and delays by the parties, which extended a discovery deadline set in 1999 to 2004. Now, an additional six years later, Defendant objects to Magistrate Judge Roanne L. Mann's order dated November 19, 2009 (the "Ruling"), denying Defendant's request to conduct additional discovery.

Upon consideration of Judge Mann's Ruling to which Defendant objects, the procedural history of this case, the written and oral submission of the parties, and for the reasons that follow, Defendant's objections are DENIED and the Ruling is AFFIRMED in its entirety.

## STANDARD OF REVIEW

"A magistrate …may issue orders regarding nondispositive pretrial matters." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). "Matters concerning discovery generally are considered 'nondispositive' of the litigation." Id. "The district court reviews such orders under the 'clearly erroneous or contrary to law'" standard. Id. (citing,28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a)).

"An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed, and order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knitting Fever, Inc. v. Coats Holding Ltd., 2005 WL 3050299, at *3 (E.D.N.Y. Nov. 14, 2005) (internal citations omitted). "This standard is highly deferential…and only permits reversal where the magistrate abused his discretion." Id.

Defendant objects to the Ruling on several grounds, including (a) that Judge Mann's Ruling was *sua sponte* and the parties were not given an opportunity to be heard; (b) that under Rule 26(a) of the Federal Rules of Civil Procedure ("Federal Rules") the parties have a purported right to pre-trial expert discovery; and (c) that the Ruling incorrectly assumed that Defendant waived its right to further discovery without considering its prior requests for discovery.

## DISCUSSION

A. *Sua sponte ruling and the opportunity to be heard*

Plaintiffs argue that Judge Mann's Ruling was clearly erroneous and contrary to law, in part, because it was made without application by the parties and without giving the parties an opportunity to be heard. However, it is well-settled that a court "on motion or own its own," may limit discovery where "the party seeking discovery has had ample opportunity to obtain the information by

3

discovery in the action..." Fed. R. Civ. P. 26(b)(2)(C)(ii) (emphasis added); see also, Rafano v. Patchogue-Medford Sch. Dist., 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (affirming magistrate judge's denial of plaintiff's request to reopen discovery where plaintiff had over a year to conduct discovery and was granted multiple extensions of the discovery period); Burgie v. Euro Brokers, Inc., 2008 WL 4185701 (E.D.N.Y. September 08, 2008) (upholding an order closing discovery and noting that the magistrate judge "demonstrated great patience with plaintiff's counsel" by extending the deadline for fact discovery numerous times). Any objection to Judge Mann's order on the ground that it was issued without application from the parties is thus easily dispensed with.

Defendant's complaint that it was not provided the opportunity to be heard need not detain the Court long either. This Court has heard plenty from the parties over the past 15 years and the record in this case speaks for itself. This Court has heard enough.

B. *Rule 26(a)*

Defendants' citations to Rule 26(a)(2)(C)(ii) of the Federal Rules as evidence of Defendants' purported right to conduct further examinations is clearly misplaced. Rule 26(a)(2)(C)(ii) reads as follows:

> A party must make [expert testimony] disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made... if the evidence is intended solely to contradict or rebut evidence on the same subject matter

4
P-049

> identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(C)(ii). Rule 26(a)(2) deals with pretrial disclosure of expert testimony and refers to a party's obligation to disclose the identity of an expert witness and the substance of that expert's opinions. In no way does this rule relate to or create a right to continue depositions or discovery ad nauseum after the discovery period has closed.

### C. *Waiver of the right to object to the close of discovery*

On April 13, 2004, after several years of extensions and delays, Judge Chrein declared that discovery in this case would close on September 30, 2004. (Dkt No. 57). At no time prior to September 30, 2004 did either party move to compel discovery from the other side or otherwise take steps to ensure that all the information it needed was obtained prior to the close of discovery. "[A]n application to reopen discovery should be denied where the moving party has not persuaded th[e] Court that it was impossible to complete the discovery by the established deadline." Gotlin v. Lederman, 2007 WL 1429431, at *3 (E.D.N.Y. May 7, 2007) (citations and internal quotation marks omitted); see also Charles A. Wright et al., 6A Federal Practice and Procedure § 1522.1 at 231 (party seeking to reopen discovery must show why the court's deadlines could not "reasonably" have been made "despite [its] diligence"). Six years after the close of discovery, having

P-049

made no application to the Court to compel the discovery sought or to explain its the delay, Defendant cannot show good cause to reopen discovery now.

On March 3, 2005, Judge Mann reiterated that court-supervised discovery was closed as of September 30, 2004 and stated that the Court would decline to re-open discovery in the then ten-year old case. (Dkt No. 62). The parties were given the opportunity to engage in further discovery on a voluntary basis, but Judge Mann emphasized that the Court's proceedings would not be delayed or deferred on account of such discovery. (Id.). The parties remain free to engage in voluntary discovery. However, the Court will not compel or otherwise become involved in administrating this discovery, nor will it allow the parties to continue to use discovery as an excuse for further delay in these proceedings. If the parties chose to engage in discovery on their own, they must resolve any disputes on their own as well.

## **CONCLUSION**

For the forgoing reasons, Defendant's objections are denied and Judge Mann's Ruling declining to reopen discovery is AFFIRMED.

SO ORDERED.

Dated: March _10_, 2010
Brooklyn, New York

s/Sterling Johnson, Jr.
_____
Sterling Johnson Jr., Senior U.S.D.J.

P-049